IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02537-BNB

MIKEAL GLENN STINE,

    Plaintiff,

v.

DAVID BERKEBILE, Warden, and

    Defendants.

---

DENIAL OF PETITION

---

Plaintiff, Mikeal Glenn Stine, is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at ADX Florence. Mr. Stine, acting *pro se*, has filed the following: (1) "Petition Pursuant to Court Order Seeking Leave to File a Pro Se Action"; (2) copy of the recommendation in Case No. 07-cv-01839-WYD-KLM that sets forth Mr. Stine's filing restrictions; (3) Verified Prisoner Complaint; (4) letter from retired District Judge Roger G. Strand; (5) transcript of a sentencing and supervised release hearing in a criminal case in the United States District Court for the Southern District of Texas; (6) copy of an opinion entered in a case from the United States District Court for the Middle District of Florida; (7) copy of an opinion entered in a case in the United States District Court for the Northern District of Ohio; (8) declaration that is a restatement of Mr. Stine's claims; (9) sworn declaration by Jeremy Pinson; (10) citations to other cases that involve the use of chemical agents in a prison; (11) history of prior

lawsuits that resulted in a decision against Mr. Stine; (12) declaration by Mr. Stine that this petition to proceed *pro se* is taken in good faith; (13) letters from investigative services; and (14) list of cases involving Mr. Stine.

Based on the following findings, Mr. Stine will be denied leave to proceed with this action.

The information Mr. Stine is required to state in the Petition Pursuant to Court Order is very specific. The Petition is to include a statement advising the Court if any defendant to the lawsuit was a party to, or any way involved in, any prior lawsuit that Mr. Stine has filed and, if so, in what capacity. Mr. Stine must list separately all lawsuits he has filed in any federal or state court in which he was a party, and include the following: (1) the name and citation of the case; (2) the jurisdiction; (3) his involvement in the case; (4) the status of the case; and (5) the disposition of each case.

Mr. Stine also must list (1) all federal and state cases in which a judgment was rendered against him, and (2) all federal and state cases in which judgment was entered in his favor, if any. In each list, he must include the citation of each case, the amount of the judgment, and if and why any judgment remains outstanding.

The Court has reviewed the documents Mr. Stine has filed and finds that he has not complied with the requirements of his filing restrictions under *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM, Doc. No. 344 at 30-32(D. Colo. Sept. 1, 2009). Mr. Stine fails to state the capacity of Defendant Berkebile in each prior suit in which he was named. Also, part of Mr. Stine's filing restriction requires that he "shall not file . . . other pleadings pertaining to the Petition unless directed to do so." Case No. 07-cv-01839-WYD-KLM, Doc. 344 at 31. Mr. Stine's declaration submitted along with the Complaint is a restatement of the claims he asserts in the Complaint.

Accordingly, it is

ORDERED that Mr. Stine's request to proceed with the proposed complaint, ECF No. 1, is DENIED without prejudice.

DATED at Denver, Colorado, this  19th  day of   September  , 2013.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court